**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Steve Hartman, *et al.*,<br>Plaintiffs,<br>v.<br>Shawn Aksamit, *et al.*,<br>Defendants. | No. MC-26-00002-PHX-JJT<br>**ORDER** |

At issue are the following Motions: [1] Motion to Quash Subpoena to Arizona Department of Transportation, Motor Vehicle Division filed by Defendant Shawn Aksamit (Doc. 1), to which Plaintiffs Steve Hartman, Vicki Hartman, Carrie Garcia, Sean Garcia (through Guardian *ad Litem* Rene Garcia), and Braydon Hartman (through Guardian *ad Litem* Lauren Hartman) filed a Response[1] (Doc. 22), and Defendant filed a Reply (Doc. 25); [2] Motion to Transfer Defendant Shawn Aksamit's Motion to Quash Subpoena to Arizona Department of Transportation Pursuant to FRCP 45(f) filed by Plaintiffs (Doc. 12), to which Defendant filed a Response (Doc. 20), and Plaintiffs filed a Reply (Doc. 21); and [3] Motion to Quash Deposition Subpoena to the Arizona Department of Transportation filed by Defendant (Doc. 26), to which Plaintiffs filed a Response

[1] As Defendant points out (Doc. 25 at 11), Plaintiffs filed their Response three weeks late without seeking an extension to the response deadline from the Court or providing good cause therefor. Plaintiffs' filing of a Motion to Transfer (Doc. 12) did not automatically stay the response deadline. Under Local Rule 7.2(i), the Court may deem Plaintiffs' failure to timely respond as consent to the Court's granting of Defendant's motion to quash the document subpoena. But as the Court will discuss, the procedural posture of the matters before the Court compels further analysis in this instance.

(Doc. 28), and Defendant filed a Reply (Doc. 31). The Court finds these matters appropriate for resolution without oral argument. LRCiv 7.2(f).

In an underlying lawsuit in the District Court for the Southern District of California (Case No. 3:25-cv-01201-GPC-LR), Plaintiffs have brought claims of negligence and loss of consortium against Defendant based on damages allegedly sustained by Plaintiffs when Defendant's utility task vehicle collided with Plaintiffs' dune buggy on April 5, 2025, at Imperial Sand Dunes Recreation Area, a federal government property operated by the U.S. Bureau of Land Management in California. (Doc. 2 at 1.) In the course of discovery in that litigation, Plaintiffs served a subpoena *duces tecum* on the Arizona Department of Transportation Motor Vehicle Division ("ADOT") demanding the production of documents regarding Defendant's driving record and the status of Defendant's driver's license before and at the time of the collision. (Doc. 2 at 3–4; Doc. 3 at 16–21 ("document subpoena").) The date of production provided on the document subpoena was February 9, 2026, and the location of production was in San Diego, California. (Doc. 3 at 16.) On January 30, 2026, Defendant moved to quash the document subpoena by opening the present matter in this Court, arguing that the document subpoena violated the geographical limits for document production under Federal Rule of Civil Procedure 45(c) and that it improperly required the disclosure of Defendant's privileged or protected information and sought irrelevant information. (Docs. 1, 2.) Defendant served the motion to quash the document subpoena on ADOT and Plaintiffs on February 3, 2026. (Docs. 8–10.)

Subsequently, Plaintiffs filed a Motion to Transfer, asking the Court to transfer the motion to quash the document subpoena to the Southern District of California under Rule 45(f). (Doc. 12.) In the Motion, they informed the Court that ADOT had already complied with the subpoena and produced the requested documents on January 29, 2026, the day before Defendant filed the Motion to Quash and four days before Defendant served it. (Doc. 12 at 1.) Plaintiffs thus argue that the remaining questions raised in the motion to quash the document subpoena are better answered by the court adjudicating the underlying matter, justifying a transfer under Rule 45(f).

Defendant reports that Plaintiffs tried to use the documents they obtained from ADOT in the deposition of Defendant on February 2, 2026, but Defendant objected and refused to answer questions based on the documents. (Doc. 20 at 5.) Because Defendant asserted the information in the documents is privileged as early as February 3, 2026, when he served Plaintiffs with the motion to quash the document subpoena, he contends that Plaintiffs were obligated to destroy or sequester the information obtained from ADOT and not use it until the privilege claim is resolved, as provided by Rule 45(e)(2)(B), and that Plaintiffs failed to comply with the requirements of that Rule. (Doc. 25 at 7.)

Plaintiffs then served a subpoena *ad testificandum* on ADOT for a deposition set for March 10, 2026, at which they intended to use the documents obtained from ADOT that are the subject of the pending motion to quash the document subpoena. (Doc. 19-3 at 25.) On March 3, Defendant filed a motion to quash the deposition subpoena, and on March 17, the parties stipulated to the withdrawal of the deposition subpoena and the motion to quash. (Doc. 24.)

Next, Plaintiffs sought most of the same documents that are the subject of the motion to quash the document subpoena through other means; although the Federal Driver's Privacy Protection Act, 18 U.S.C. § 2721, prohibits disclosure of personal information in a motor vehicle record except in limited circumstances, Arizona law provides an exception for disclosure to an "attorney licensed to practice law . . . in connection with any civil . . . proceeding in any court . . . , including . . . investigation in anticipation of litigation," in A.R.S. § 28-455(C)(4). (Doc. 31 at 4.) Apparently, under that exception, Plaintiffs again obtained Defendant's motor vehicle record from ADOT, including information otherwise deemed as personal and privileged. (Doc. 31 at 4.)

On April 28, 2026, Plaintiffs served another subpoena *ad testificandum* on ADOT for a deposition set for May 27, 2026. (Doc. 26-2 at 25.) On May 19, Defendant filed another Motion to Quash Deposition Subpoena (Doc. 26), arguing Plaintiffs' attempt to depose a representative of ADOT was simply an end-run around the privilege Defendant asserted over the documents ADOT produced, which privilege Defendant raised in the first

Motion to Quash (Docs. 1, 2). Notwithstanding the new Motion to Quash, the Rule 30(b)(6) deposition of ADOT went forward, and Defendant again argues that, because he has asserted privilege under the California Constitution, Plaintiffs improperly failed to "destroy, sequester or file the transcript of the deposition under seal for a determination of [Defendant's] assertion of privilege in the information obtained during the deposition" under Rule 45(e)(2)(B). (Doc. 31 at 2.)

Considering this procedural history, the Court agrees with Plaintiffs on one point: the District Court for the Southern District of California is the appropriate venue for the resolution of the remaining issues. To be sure, Defendant's motion to quash the document subpoena had at least some merit; among other things, Plaintiffs' subpoena required compliance beyond the geographical limits set forth in Rule 45(c). But Defendant's motion to quash the document subpoena was too late; ADOT already produced the requested documents to Plaintiffs. At that point, this dispute morphed into one about Plaintiffs' compliance—or non-compliance—with Rule 45(e)(2)(B), which addresses instances in which "information produced in response to a subpoena is subject to a claim of privilege." Ultimately, a court must determine whether Defendant's claim of privilege under the California Constitution has merit, as well as whether the information Plaintiffs obtained is relevant to the underlying claims in this lawsuit. Those questions are better answered by the court adjudicating the lawsuit.

Rule 45(f) provides that the Court may transfer the pending motions to the Southern District of California, in which the court that issued the subpoenas is located, "if the person subject to the subpoena consents or if the [Court] finds exceptional circumstances." The Advisory Committee's note to the 2013 amendment to Rule 45(f) states that, in deciding whether transfer is appropriate, "[t]he prime concern should be avoiding burdens to local nonparties subject to subpoenas," and "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Thus, a risk of inconsistent rulings that could disrupt the management of the underlying litigation can be considered an

exceptional circumstance. *See Cont'l Auto. Sys., U.S., Inc. v. Omron Auto Elecs., Inc.*, 14 C 3731m, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014); *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (collecting cases and noting that attempting to circumvent the authority of the presiding judge in the underlying action is an exceptional circumstance contemplated by Rule 45).

Here, the "prime concern" of "avoiding burdens to local nonparties subject to subpoenas" is satisfied by a transfer because ADOT—the local nonparty—already complied with the subpoenas, so it bears no further burden; indeed, in this sense the present motions to quash are moot. The remaining issues—whether Plaintiffs failed to comply with Rule 45(e)(2)(B), whether Defendant's assertion of privilege under the California Constitution has merit, and whether the information sought by Plaintiffs is relevant to the claims in the underlying lawsuit—are best answered by the court that will consider and rule on the evidence in that lawsuit. Among other things, that court is in a far better position than this one to decide what evidence is relevant, and ultimately probative, to Plaintiffs' claims in the underlying lawsuit. For these reasons, the Court will transfer the remaining questions in this matter to the District Court for the Southern District of California.

**IT IS THEREFORE ORDERED** granting the Motion to Transfer Defendant Shawn Aksamit's Motion to Quash Subpoena to Arizona Department of Transportation Pursuant to FRCP 45(f) filed by Plaintiffs (Doc. 12), to the extent that the pending Motion to Quash Subpoena to Arizona Department of Transportation, Motor Vehicle Division (Doc. 1) and Motion to Quash Deposition Subpoena to the Arizona Department of Transportation (Doc. 26) filed by Defendant Shawn Aksamit require a determination of whether Plaintiffs failed to comply with Rule 45(e)(2)(B), whether Defendant's assertion of privilege under the California Constitution has merit, and whether the information sought by Plaintiffs is relevant to their claims in the underlying lawsuit.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to transfer this matter to the District Court for the Southern District of California as soon as practicable and close the matter in this Court.

Dated this 9th day of October, 2026.

Honorable John J. Tuchi
United States District Judge